IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP A. GIUFFRE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 3692 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| P.O. KAREN JEFFERSON #6856, | ) | |
| P.O. AMY HURLEY #19490, | ) | |
| P.O. MICHAEL SHEPHARD #9736, | ) | |
| P.O. MARLENE SMOLEK #5499, | ) | |
| P.O. MALCOLM DOMIO #7900, | ) | |
| P.O. MAUREEN WEBB #12525, and | ) | |
| the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Philip Giuffre brings this civil rights action pursuant to 42 U.S.C. § 1983 against police officers Karen Jefferson, Amy Hurley, Michael Shephard, Marlene Smolek, Malcolm Domio, and Maureen Webb (collectively, "the Officer Defendants"), as well as against the City of Chicago. He alleges that, on July 11, 2013, the Officer Defendants pulled into a CVS parking lot where Plaintiff was sitting, ordered him to exit his car, fired their weapons at him several times, and thereby caused him serious injury. Based upon these allegations, Plaintiff brings a claim for use of excessive force in violation of the Fourth Amendment. He also brings a claim for battery under Illinois law.

In anticipation of trial, the parties have filed various motions *in limine*. Now before the Court is Plaintiff's motion *in limine* to bar Defendants' expert witness Dr. Angelos Halaris [132]. For the reasons stated herein, the motion is granted.

## Legal Standard

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000). Moreover, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

The admissibility of expert testimony is governed by Federal Rule of Evidence (FRE) 702 and the Supreme Court's seminal decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See United States v. Parra*, 402 F.3d 752, 758 (7th Cir. 2005). FRE 702 allows the admission of testimony by an expert—that is, someone with the requisite "knowledge, skill, experience, training, or education"—to help the trier of fact "understand the evidence or [ ] determine a fact in issue." Fed. R. Evid. 702. An expert witness is permitted to testify when

2

(1) the testimony is "based on sufficient facts or data," (2) the testimony is "the product of reliable principles and methods," and (3) the witness has "reliably applied the principles and methods to the facts of the case." *Id.* The proponent of an expert witness bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard by a preponderance of the evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

Under *Daubert*, the Court must act as the evidentiary gatekeeper, ensuring that FRE 702's requirements of reliability and relevance are satisfied before allowing the finder of fact to hear the testimony of a proffered expert. *See Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49 (1999). District courts have broad discretion in determining the admissibility of expert testimony. *See Lapsley v. Xtek, Inc.*, 689 F.3d 802, 810 (7th Cir. 2012). In considering whether to admit expert testimony, district courts employ a three-part framework that inquires whether: (1) the expert is qualified by knowledge, skill, experience, training, or education; (2) the reasoning or methodology underlying the expert's testimony is reliable; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or determining a factual issue. *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893–94 (7th Cir. 2011).

## Analysis

Plaintiff has moved to bar Defendants' expert Dr. Angelos Halaris. Dr. Halaris is a certified psychiatrist who has practiced clinical psychiatry for over forty years. Based upon his review of various documents disclosed during discovery, as

well as the deposition testimony of Plaintiff and other witnesses, Dr. Halaris has offered the following opinion about Plaintiff's mental state during the incident on July 11, 2013, giving rise to this lawsuit:

> On 7/11/2013, the rapidly unfolding situation of rejection of [Plaintiff's] request for an early refill [of his prescription medication] and the sudden appearance of police cars and officers generated a sense of inescapability and total defeat. I view his decision to exit his car and simulate an assault on police by pretending to hold a gun as his wish to be relieved from his unrelenting emotional pain.[1]

Defs.' Resp. Pl.'s Mot. Limine No. 3, Ex. A, at 15, ECF No. 142.

Plaintiff objects to this testimony on the ground that it impermissibly assumes as true Defendants' version of the facts and therefore will not be helpful to the jury. In particular, Plaintiff asserts that Dr. Halaris's testimony assumes as true that Plaintiff "exited his car and simulated an assault on police by pretending to hold a gun." Plaintiff denies that this description of the events is accurate.

Expert testimony cannot be offered merely for the purpose of bolstering the credibility of a party's version of the facts. The reason for this general rule is that, rather than helping the jury "to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702(a), such testimony usurps the jury's role by "wrap[ping] the lay witness in the expert's prestige and authority." *Nunez v. BNSF Ry. Co.*, 730 F.3d 681, 684 (7th Cir. 2013). As such, expert testimony that primarily rests upon the assumption that a lay witness has testified accurately is inadmissible. *See id.*

---

[1] Dr. Halaris offers a total of five opinions, and this opinion is his fifth. The Court discusses his fifth opinion first, however, because its admissibility is the pivotal issue presented in Plaintiff's motion *in limine*. Dr. Halaris's other four opinions are discussed in further detail below.

4

(holding that expert testimony was properly barred when it "rested mainly not on the technical evidence that [the experts] planned to give but on their belief that [certain lay witnesses] had testified accurately"); *Clark v. Takata Corp.*, 192 F.3d 750, 757–59 (7th Cir. 1999) (emphasis in original) (holding that testimony from the plaintiff's expert was properly barred as unlikely to assist the trier of fact when the expert "*assume[d]* as truth the very issue that [the plaintiff] need[ed] to *prove* in order to recover").

Here, Plaintiff is correct that Dr. Halaris's opinion regarding Plaintiff's state of mind on July 11, 2013, does precisely what expert testimony must not do: it assumes as true Defendants' account that Plaintiff simulated an assault on police by pretending to hold a gun. Whether the jury chooses to credit Defendants' account on this matter is a central question in this case, because it bears on whether Defendants' response to Plaintiff's actions was an objectively reasonable use of force. Thus, allowing Dr. Halaris to offer an opinion relying in primary part upon the assumption that Defendants' account is accurate would cause significant confusion regarding this issue and impermissibly usurp the jury's role. As such, under FRE 702, Dr. Halaris is barred from offering an opinion as to Plaintiff's state of mind or motive during the events on July 11, 2013.

Even apart from FRE 702, however, FRE 403 provides an additional, independent basis for barring Dr. Halaris's opinion. Under FRE 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In an excessive force case such as this one, the key inquiry for the fact finder is whether the defendants used objectively reasonable force against the plaintiff. *Deering v. Reich*, 183 F.3d 645, 650 (7th Cir. 1999) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). "Reasonableness depends on the information the officer possesses prior to and at the immediate time of the shooting," and not on any information the officer learns only after the shooting. *Id.*

Given the nature of the key substantive inquiry in this case, it is clear that Dr. Halaris's opinion is of minimal probative value. It does not bear on information that the Officer Defendants knew on July 11, 2013, and it therefore does not directly speak to whether the Officer Defendants used objectively reasonable force. Rather, Dr. Halaris's opinion serves the limited purpose of discrediting Plaintiff's anticipated testimony that, at the time in question, he was happy and therefore unlikely to purposely simulate an assault on police in the manner that the Officer Defendants claim to have perceived. Furthermore, Dr. Halaris's opinion is both severely prejudicial and likely to mislead the jury because, as explained above, it packages harmful facts about Plaintiff in the commanding garb of expert testimony. The Court therefore finds that Dr. Halaris's opinion carries risks of prejudice and confusion that substantially outweigh its probative value, and the opinion is accordingly barred under FRE 403.

6

In addition to his opinion regarding Plaintiff's state of mind on July 11, 2013, Dr. Halaris advances four other opinions, all of which Plaintiff also seeks to bar. These four opinions are as follows:

> 1. [Plaintiff] presented a complex picture of psychopathology including depression, anxiety, impulsivity, and significant potential for aggression and violence for which he never established a consistent therapeutic relationship with any of the mental health providers he encountered. There is no record of [Plaintiff] maintaining a sustained relationship with a psychiatrist or psychologist that would have been essential in assisting him with his physical and psychological issues.
>
> 2. [Plaintiff] had chronic pain conditions requiring opioid analgesics to bring the pain under control and at times he used two different ones concomitantly over a long period of time, both pre- and postoperatively for his back.
>
> 3. [Plaintiff] encountered repeated stressful situations both at work and in his personal life. He was placed on disability due to his impairments, both physical and psychological, and therefore was unable to do the job for which he was trained. He had a history of two divorces, a possible third one looming, and charges of child abuse resulting in protracted separation from his wife and family imposed on him by [the Department of Child and Family Services].
>
> 4. [Plaintiff] meets criteria for Borderline Personality Disorder, which explains many of his behavioral patterns, his impulsivity, his dysfunctional relationships and his suicide attempts. This profile was identified as early as 1997 and cogently described in [another psychologist's] report. His behavior continued on this trajectory. He was impulsive, had a work injury resulting in surgery and chronic pain, addiction to opioids and alcohol abuse, suicide attempts, interpersonal difficulties, and profound frustration with involved agencies, and ultimate defeat.

Defs.' Resp., Ex. A, at 14–15.

Plaintiff argues that all four of these opinions should be barred as prejudicial and confusing, as well as irrelevant in light of the Court's decision to bar Dr. Halaris's opinion regarding Plaintiff's mental state on July 11, 2013. The Court

7

agrees that these four opinions are highly inflammatory and unlikely to assist the trier of fact under both FRE 403 and 702. Relatedly, they are also of negligible relevance (if any relevance at all) to the issues in this case, given that Dr. Halaris has been barred from testifying as to Plaintiff's mental state during the events on July 11, 2013. As such, Dr. Halaris's remaining four opinions are also barred from evidence under FRE 403 and 702.

Defendants nevertheless maintain that Dr. Halaris's testimony should be admissible, but none of their supporting arguments is persuasive. First, Defendants contend that Dr. Halaris's testimony will not confuse the jury on the basis that, if the jury chooses to discredit Defendants' version of the facts, they can also choose to discredit Dr. Halaris's opinion. This argument ignores the concerns that the Seventh Circuit has expressed regarding the inherent risks of confusion and prejudice whenever expert testimony assumes as true one party's version of critical facts. *See Nunez*, 730 F.3d at 684; *Clark*, 192 F.3d at 757–59. The argument is therefore without merit.

Second, Defendants contend that Dr. Halaris's testimony should be admitted because it is relevant to the issues in this case. In disputing Defendants' version of the facts that took place on July 11, 2013, Plaintiff testified during his deposition that it would not have made any sense for him to simulate an attack as a suicide attempt, because he was "very, very happy" at the time of the events in question. Defs.' Resp., Ex. B, at 135:9. Defendants expect Plaintiff to give similar testimony at trial, and they seek to rebut this testimony by adducing evidence that Plaintiff

8

was unhappy and possibly suicidal. In light of Defendants' explanation on this point, the Court agrees that some of Dr. Halaris's proffered opinions may become relevant—but only to the extent that Plaintiff first opens the door to this issue at trial.[2] Unless and until Plaintiff gives such testimony, Dr. Halaris's opinions will remain minimally probative and significantly prejudicial, for the reasons explained above, and they should thus remain excluded.

Finally, Defendants cite several cases in support of their argument that the Court should admit Dr. Halaris's testimony. *See* Defs.' Resp. at 6. But these cases involved issues and facts that make them readily distinguishable from the case at hand. *See Wilson v. City of Chi.*, 758 F.3d 875, 883 (7th Cir. 2014) (rejecting evidentiary objection to expert testimony on plaintiff's past drug and alcohol use where the testimony was relevant to the issue of loss-of-society damages and where plaintiff had waived the objection by failing to raise it at trial); *Estate of Escobedo v. Martin*, 702 F.3d 388, 401 (7th Cir. 2012) (permitting expert testimony from plaintiff's therapist, who had conducted a psychological assessment of plaintiff and informed police of plaintiff's history drug use and mental health issues prior to the events underlying plaintiff's excessive force claim); *Thomas v. Landrum*, No. 11 C 09275, 2014 WL 11370447, at *3 (N.D. Ill. Mar. 18, 2014) (permitting evidence of plaintiff's mental health in false arrest case where plaintiff claimed he had previously had negative interactions with police that resulted in the need for

---

[2] If Plaintiff does, in fact, open the door to this issue at trial, then Defendants may request at that time—outside the presence of the jury—that the Court reconsider its ruling on the admissibility of Dr. Halaris's first four opinions.

9

psychological counseling).  Most importantly, the proffered experts in the cases that Defendants cite did not assume one side's version of central disputed facts to be true, as Dr. Halaris has done here.  Defendants' reliance upon these cases is therefore unavailing.

### Conclusion

For the reasons stated herein, Plaintiff's motion *in limine* to bar Defendants' expert witness Dr. Angelos Halaris [132] is granted.

**IT IS SO ORDERED.**               **ENTERED   3/10/17**

_____
**John Z. Lee
United States District Judge**